UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH N. EHLERS, et al.

　　　　　Plaintiffs,

　　v.

CONOCOPHILLIPS, INC. and INTALCO ALUMINUM CORP.,

　　　　　Defendants.

CASE NO. C05-1181C

ORDER

This matter comes before the Court on a motion by defendant ConocoPhillips to dismiss Plaintiffs' claims for waste and nuisance. (Dkt. No. 13.) Defendant Intalco joins the motion. (Dkt. No. 14.) Having considered the memoranda submitted by all parties and the allegations in the complaint, and finding oral argument unnecessary, the Court will GRANT the motion.

## I.　FACTUAL AND PROCEDURAL BACKGROUND

Despite the present complaint's recent vintage, the relevant factual and procedural history of this dispute dates back several years: in 2002, a complaint was filed by a group of residents residing on Sucia Drive in Ferndale, Washington, each of whom owned shore-front property on Sandy Point; the case was captioned *Nicholson, et al. v. Tosco Corp., et al.*, No. C02-2441C. These plaintiffs sued the operators of a staging area, just north of the plaintiffs' properties, for offloading petroleum products from tanker ships

ORDER – 1

into the Cherry Point Refinery. That staging area comprised a shore apron (designed to reduce erosion) and pier extending out into the Strait of Georgia. Plaintiffs alleged that the apron and pier interfered with the natural sedimentary (or "littoral") drift along the shoreline, resulting in the beach fronting their property eroding and avulsing, which in turn resulted in their property flooding during storm tides. (*See* Dkt. No. 1, Case No. 02-1181C.) Plaintiffs sought money damages and injunctive relief based on claims for waste under Washington Revised Code section 4.24.630, as well as common law negligence and nuisance, among other claims. (*Id.* at 4–5.) In an order dated April 13, 2004, the Court granted the defendants' motion for partial summary judgment and dismissed the plaintiffs' claims for waste and nuisance. (Dkt. No. 47, Case No. 02-1181C, hereinafter *Nicholson* Order.) The *Nicholson* case remains open but is stayed pending ongoing proceedings in related cases in this Court.

Against this backdrop, the Court now finds itself addressing a nearly identical case filed by Sandy Point homeowners who live within a few hundred yards of the *Nicholson* plaintiffs and are represented by the same counsel.[1] The present Plaintiffs make substantively identical factual allegations regarding the Defendants' operation of the Cherry Point staging area, and also seek money damages and injunctive relief for waste, nuisance, and negligence. (*See* Dkt. No. 1, Case No. 05-1181.) Predictably, Defendant ConocoPhillips (successor in interest to Tosco Corp., the defendant in the *Nicholson* case) has moved to dismiss Plaintiffs' claims for waste and nuisance, arguing that the Court's order in *Nicholson* controls this dispute on the facts and law.

II. **LEGAL ANALYSIS**

ConocoPhillips ("CP") seeks an order under Rule 12(b)(6) dismissing Plaintiffs' first cause of action for waste under section 4.24.630 and third cause of action for common law nuisance. Specifically, CP argues that because Plaintiffs have made no effort to distinguish themselves factually from the

---

[1] The *Nicholson* case differs from this one in that it involved a greater number of property owners and included a takings claim under the Washington constitution and claims for indemnity and contribution for an underlying lawsuit. (*See* Dkt. No. 1, Case No. 02-1181C.)

ORDER – 2

*Nicholson* plaintiffs, the Court's order dismissing the claims for waste and nuisance in that case mandates a similar dismissal here. Plaintiffs do not contest the allegation that in all material factual respects, they stand in the same shoes as their *Nicholson* predecessors. They oppose CP's motion, however, on the basis of their disagreement with the Court's order in *Nicholson*.

Under Rule 12(b)(6), the Court may only dismiss Plaintiffs' claims if it appears beyond doubt that Plaintiffs can prove no set of facts that support their claims and entitle them to relief. *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974). The Court must construe all factual allegations in Plaintiffs' favor, but conclusory allegations of law will not suffice to defeat a motion to dismiss. *Id.*; *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). With these standards in mind, the Court will address Plaintiffs' two challenged claims in turn.

    A.    *Claim for Waste Under Revised Code Section 4.24.630*

Under section 4.24.630, a party who "goes onto the land of another" and "wrongfully causes waste" to the property is liable for treble damages caused by the waste. WASH. REV. CODE § 4.24.630(1). The Washington courts have interpreted the plain language of this statute to mean exactly what it says: in the absence of a physical entry "onto the land" by the defendant, there can be no liability. *Colwell v. Etzell*, 81 P.3d 895, 898 (Wash. Ct. App. 2003) (rejecting interpretation that "violation of the statute is analogous to an intentional tort, like trespass to personal property"). Citing the same cases with nearly verbatim arguments as in *Nicholson*, Plaintiffs argue that under Washington's common law trespass jurisprudence, CP's act of causing water to flood Plaintiffs' property provides the entry onto land required under the statute. But the statute does not reference "trespass" and the Washington courts have already rejected an interpretation of the statute that imports common law trespass principles. *Colwell*, 81 P.3d at 898. The Court must again decline "Plaintiffs' invitation to mix common law oranges with statutory apples or vice versa." (*Nicholson* Order 15 n.10.) And the Court must again hold that "Plaintiffs' claim for statutory waste fails for want of the allegation of ConocoPhillips's physical entry upon Plaintiffs' land." (*Nicholson* Order 15 n.10.)

ORDER – 3

  B. *Claim for Nuisance Under Washington Common Law*

CP further argues that Plaintiffs' claim for common law nuisance must fail because it is based entirely on Defendants' alleged negligence in operating the Cherry Point staging area. Precisely as did the *Nicholson* plaintiffs, these Plaintiffs concede that their nuisance claim will ultimately be governed by Washington's common law negligence principles. (Opp'n 7.) However, they again argue that dismissal is inappropriate because Washington law permits a plaintiff to proceed with both negligence and nuisance claims. (*Id.* at 7–8.) However, in *Atherton Condominium Apartment Owners Association v. Blume Development Corp.*, the court held that "the trial court properly dismissed [the] nuisance claim" because it was premised on the defendants' negligent conduct. 799 P.2d 250, 263 (Wash. 1990).

Plaintiffs argue nonetheless that recent Washington case law postdating the *Nicholson* Order demonstrates the viability of their nuisance claim. (Opp'n 8.) But in both of the cited cases the courts simply noted in passing that the plaintiffs had alleged both negligence and nuisance claims. *See Alpental Community Club, Inc. v. Seattle Gymnastics Soc'y*, 111 P.3d 257, 259 (Wash. 2005); *Dickgieser v. State*, 105 P.3d 530, 533 (Wash. 2005). A plaintiff may file a complaint with any claims he wishes, but these cases did not address, much less approve, the viability of a nuisance claim that is entirely dependent on negligence claim. Plaintiffs here have given the Court no reason on the facts or law to alter its conclusion in *Nicholson* that because their "nuisance claim merely restates the allegations of Defendants' negligence," that claim "should be dismissed as a matter of law." (*Nicholson* Order 13.)

### III. CONCLUSION AND ORDER

Based on a fully developed record on a motion for summary judgment, the Court held that the *Nicholson* plaintiffs had not demonstrated any dispute of material fact precluding dismissal of their claims for waste and nuisance as a matter of law. The present Plaintiffs have not pled facts distinguishing themselves from the *Nicholson* plaintiffs, nor advanced any new legal arguments supporting their claims for waste or nuisance. Accordingly, the Court GRANTS ConocoPhillips's motion, and ORDERS that Plaintiffs' causes of action for waste and nuisance be DISMISSED WITH PREJUDICE.

ORDER – 4

1    SO ORDERED this 10th day of January, 2006.

*/s/ John C. Coughenour*

UNITED STATES DISTRICT JUDGE

26  ORDER – 5